**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATPAL SINGH DHILLON, | No. 07-71509 |
| Petitioner, | Agency No. A097-596-689 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2010[**]
Pasadena, California

Before: HALL, FISHER, and BYBEE, Circuit Judges.

Petitioner, Satpal Singh Dhillon, a native and citizen of India, entered the

United States without inspection and seeks asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). An Immigration Judge

("IJ") denied Dhillon's claims based primarily on an adverse credibility finding, an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ability to safely relocate within India, and a failure to meet his burden of proof as to his CAT claim. The BIA affirmed solely on these grounds. Dhillon timely filed a petition for review. This court has jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the agency's adverse credibility finding. As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the agency's finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004).

The BIA and the IJ noted material inconsistencies and omissions in Dhillon's testimony regarding each of the four arrests that were at the heart of his asylum application. Dhillon testified that he was first arrested for reporting to the police that the head of a local political party, Ravi Kumar, attempted to extort a bribe from him. His testimony omitted the fact—included in his asylum declaration—that the police first arrested Kumar pursuant to his complaint. He testified that he was arrested a second time when he was suspected of harboring Sikh militants, but according to Dhillon's asylum application, Kumar reported Dhillon to the police out of personal revenge. With regard to the third arrest, Dhillon's testimony made no mention of the one month of medical treatment his

2

declaration stated he needed. During Dhillon's fourth arrest, which involved a fight with a rickshaw driver, Dhillon testified that he alone was arrested, but his declaration stated that both he and the rickshaw driver were arrested. Cumulatively, the discrepancies between Dhillon's asylum declaration and his later testimony reasonably indicate that Dhillon did not testify credibly and that he was attempting to enhance his claim of religious and political persecution. *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) ("[R]epeated and significant inconsistencies in Kaur's testimony deprive her claim of the requisite 'ring of truth.'").

The adverse credibility finding is also supported by the IJ's findings regarding Dhillon's hesitant and unresponsive demeanor. We give "'special deference' to a credibility determination that is based on demeanor" because "the IJ has an opportunity to make a first-person evaluation of all of the subtly conveyed factors that, together, can be evidence of a petitioner's credibility." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005) (internal citations omitted). "[T]o the extent [an IJ's] demeanor findings rely on non-verbal factors, that behavior should be explicitly described in [the IJ's] opinion." *Id*. at 1137.

The IJ specifically described how Dhillon's demeanor undermined his credibility. The IJ's opinion mentions Dhillon's long hesitation before answering

3

several questions regarding his arrests. The IJ observed that Dhillon often looked down and around the courtroom in an attempt to find the right answer, and his ultimate answers were disjointed and lacked confidence. She noted that he was unresponsive to some of the questions posed to him, and that he required his lawyer's prompting to remember his second arrest, after repeatedly stating that nothing occurred between June 1999 and October 2001. These demeanor observations further buttress the IJ's adverse credibility finding.

Because the agency's adverse credibility finding disposed of the asylum, withholding of removal, and CAT claims, we do not address Dhillon's remaining argument.

The petition for review is **DENIED**.